IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VERNELL A. JEFFRIES | : | |
| Petitioner | : | |
| v. | : | Civil Action No. L-09-1967 |
| | | (Related Criminal Case L-02-0393) |
| UNITED STATES OF AMERICA | : | |
| Respondent | : | |

o0o

**MEMORANDUM**

The above-captioned 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence was received for filing on July 23, 2009.  See Paper No. 30.  Petitioner alleges he was denied effective assistance of counsel; his guilty plea was not voluntary; and exculpatory evidence concerning a witness's criminal record was withheld by the prosecutor.  Id. at pp. 4 - 5.

This is Petitioner's first Motion to Vacate.  It appears to be untimely.  Petitioner was sentenced to serve a 262-month term on February 28, 2005.  Paper No. 29.  He did not file an appeal; therefore his conviction was final on March 28, 2005, the date the time for filing an appeal expired.

There is a one-year period of limitation imposed on prisoners seeking to file a Motion to Vacate.  Under the provisions of the statute, the limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by

> the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

It is clear that Petitioner's claims were not filed in a timely manner. Ordinarily, cases such as this are dismissed by this Court without an answer by the Government. The Fourth Circuit has determined, however, "the one-year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'" Hill v. Braxton, 277 F. 3d 701, 704 (4th Cir. 2002), citing Harris v. Hutchison, 209 F. 3d 325, 330 (4th Cir. 2000). For equitable tolling to apply in the instant case, Petitioner must establish either that some wrongful conduct by Respondent contributed to his delay in filing his petition or that circumstances beyond his control caused the delay. See Harris, 209 F. 3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. Prior to dismissing a pro se petition for writ of habeas corpus, "a district court should furnish notice that simply warns the pro se petitioner that his . . . action will be dismissed as untimely unless the petitioner can demonstrate that the petition was filed within the proper time period." Hill, 277 F. 3d at 708.

3

      In accordance with the Fourth Circuit's decision in <u>Hill</u>, this Memorandum, together with the attached Order, shall hereby serve as notice to Petitioner that the ineffective assistance of counsel arguments raised in his Motion to Vacate will be dismissed as untimely unless he provides this Court with information that establishes he is (i) entitled to the benefit of the exceptions provided in 28 U.S.C. §2255, or (ii) entitled to an equitable tolling of the statute of limitations. Petitioner will be given 30 days to furnish this information to the Court. Should he fail to do so, his Motion will be dismissed without further notice.

August 5, 2009                                                                                       /s/

                                                                                        Benson Everett Legg
                                                                                        Chief Judge